UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WAUPACA FOUNDRY, INC.,

        Plaintiff,

vs.

HENKEL US OPERATIONS
CORPORATION, D/B/A HENKEL
CHEMICAL MANAGEMENT,

        Defendant.

Case No. 2020-CV-00994

**FEDERAL RULE OF CIVIL PROCEDURE JOINT 26(f) REPORT AND DISCOVERY PLAN**

Plaintiff, Waupaca Foundry, Inc. ("Waupaca"), by its attorneys Michael Best & Friedrich LLP, and Defendant, Henkel US Operations Corporation ("Henkel"), by its attorneys Hansen Reynolds LLC, jointly submit the following Rule 26(f) report in the above-captioned matter.

1. **Rule 26(f) Conference**. Pursuant to Rule 26(f), the parties held a meeting via telephone on October 29, 2020, which was attended by Attorney Paul E. Benson on behalf of the Plaintiff, and Attorney John P. Shanahan on behalf of the Defendant, wherein the parties conferred on issues relating to the scheduling and management of this matter. All parties have had the opportunity to review and consent to the filing of this Joint Report and Discovery Plan.

    **A. Nature of the Case and Jurisdiction.**

        **i. Plaintiff's Summary:** Waupaca filed this action on July 1, 2020, alleging that a paint system it had purchased from Henkel failed to function as required by the parties' contract and as represented by Henkel. Waupaca's Complaint alleges five causes of action: breach of contract; breach of express warranty;

1

       breach of implied warranty of fitness for a particular purpose; breach of implied warranty of merchantability; and fraudulent misrepresentation, contrary to Wis. Stat. § 100.18. Waupaca is a Wisconsin corporation with its headquarters in Waupaca, WI. Henkel is a Delaware corporation with its principal place of business in Rocky Hill, CT. Accordingly, this Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

    ii. **Defendant's Summary:** Waupaca's claims against Henkel have no merit, nor is Waupaca entitled to any damages, for a number of reasons. First, Waupaca did not purchase the paint system from Henkel. Henkel sells the paint product to Waupaca and Waupaca has not alleged that the paint product was defective. Waupaca hired DEYCO to convert and install the paint system at issue in the Complaint and any issue with the installation or equipment is between DEYCO and Waupaca. Second, Waupaca consistently failed to maintain the paint system properly and continued to operate the system outside of the requisite specifications and operational parameters. Therefore, Waupaca's alleged issues with the paint system were the result of their own actions and inactions. Third, Waupaca's own personnel admit that they failed to provide Henkel with the requisite information relating to OEM specifications. Lastly, Waupaca has failed to mitigate their alleged damages.

2. **Motions**. Henkel filed an Answer to Waupaca's Complaint on October 13, 2020. There are no pending motions in this case before the Court.

3. **Amendments to the Pleadings/Joining Other Parties.** The parties suggest they have until January 15, 2020 to file amended pleadings, including adding any other parties.

4. **Procedures Regarding Claims of Privilege and Work-Product Protection**. The parties have stipulated to the attached Fed. R. Evid. 502(d) order, subject to Court approval.

5. **Locations for Fed. R. Civ. P. 30(b)(6).** The parties agree that locations for purposes of oral depositions shall be mutually agreed upon by the parties prior to scheduling. The parties anticipate conducting some depositions in this matter via remote means and intend on submitting a stipulated order regarding taking depositions via remote means.

6. **Proposed Schedule.**

    A. **Rule 26(a) Initial Disclosures.** The parties agree to exchange initial disclosures on or before **November 23, 2020**.

    B. **Rule 26(a)(2) Expert Reports.** All reports obtained from experts pursuant to Rule 26(a)(2) shall be due by the Plaintiffs on or before **July 1, 2021** and by the Defendant on or before **August 15, 2021**.

    C. **Mediation Deadline.** Any mediation of this matter shall be completed by **September 1, 2021**.

    D. **Time to Complete Discovery.** All discovery shall be completed by **December 1, 2021**; thereafter by leave of the Court after the parties have conferred on the matter.

    E. **Dispositive Motions.** Dispositive motions shall be filed on or before **February1, 2022.**

    F. **Filing of Rule 26(a)(3) submissions and oppositions.** Final lists of witnesses and exhibits under Rule 26(a)(3), proposed *voir dire* questions, jury instructions and verdict forms should be filed **two weeks prior to the Final Pretrial Conference**.

    G. **Motions *in Limine*.** All motions *in limine*, other than *Daubert* motions, shall be filed **10 days prior to the Final Pretrial Conference**, and all responses thereto shall be filed **5 days prior to the Final Pretrial Conference.** All *Daubert* motions shall be filed on or before **February 1, 2022.**

H. **Final Pretrial Conference.** The parties request that the Court schedule the Final Pretrial Conference **two weeks prior to the scheduled trial date.**

I. **Trial.** The parties request that the Court schedule a trial in **May 2022**. The estimated length of trial is 5-7 trial days. Plaintiff has requested a jury trial.

7. **Discovery Plan.**

    A. **Subjects on which discovery may be needed.** The parties agree that the subjects of discovery may include Plaintiff's factual allegations in the Complaint, including those that may arise in the future regarding any added parties or within any amended pleadings; the nature and extent of Plaintiff's claims and damages; and Defendant's defenses. The parties anticipate that discovery will include written interrogatories, requests for production, requests for admissions, and depositions of the parties, third-party lay witnesses, and expert witnesses.

    B. **Electronically stored information.** The parties agree that this matter will involve electronic discovery and agree that such electronic discovery will be governed by a discovery protocol, filed concurrently herewith.

    C. **Limitations on discovery.** The parties do not propose any changes to the limitations on discovery that are set forth by the Federal Rules or Local Rules, apart from those contained in the parties' discovery protocol.

    D. **Discovery Disputes.** In the event disputes arise during discovery, the parties agree to meet and confer in good faith to resolve the dispute pursuant to Civil L. R. 37. If in such good faith, the dispute cannot be resolved by the parties, the parties will request a pre-motion conference with the Court before filing any motion to compel.

E.  **Any other orders that should be entered under Rule 26(c) or Rules 16(b), (c).** The parties have agreed to negotiate a Protective Order governing the confidentiality of documents and information exchanged in this case and will request the Court enter the same.

8. **Mediation and Settlement.** The parties have been engaged in settlement negotiations prior to the filing of this lawsuit. The parties will advise the Court if they mutually agree to request that this case be referred to mediation.

9. **Electronic Service.** The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be completed upon transmission provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

10. **Rule 16 Scheduling Conference.** The Rule 16 scheduling conference on **November 18, 2020 at 9:30 a.m.** will be attended by Attorney Paul E. Benson on behalf of the plaintiff and Attorneys Tim Hansen and John P. Shanahan on behalf of the defendant.

Dated this 12th day of November, 2020.

        Respectfully submitted,

        **MICHAEL BEST & FRIEDRICH LLP**

        By: *S/Paul E. Benson*
            Paul E. Benson, #1001457
            pebenson@michaelbest.com
            Alexander M. DeGuire, #1097948
            amdeguire@michaelbest.com
            790 North Water Street, Suite 2500
            Milwaukee, WI 53202
            Telephone: 414.271.6560
            Facsimile: 414.277.0656

        Attorney for Plaintiff

        **HANSEN REYNOLDS LLC**

        By: *S/John P. Shanahan*
            Timothy M. Hansen, #1044430
            thansen@hansenreynolds.com
            John P. Shanahan, #1088868
            jshanahan@hansenreynolds.com
            301 N. Broadway, Suite 400
            Milwaukee, WI 53202
            Telephone: 414.326.4952
            Facsimile: 414.273.8476

            Jessica C. Mederson, #1087910
            jmederson@hansenreynolds.com
            10 E. Doty Street, Ste. 800
            Madison, WI 53703
            Telephone: 414.455.0056
            Facsimile: 414.273.8476

        Attorney for Defendant