UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAUPACA FOUNDRY, INC.,

       Plaintiff,

    v.                             Case No. 20-C-994

HENKEL U.S. OPERATIONS CORPORATION,
and DEYCO, INC.,

       Defendants.

## ORDER GRANTING MOTION TO VACATE DEFAULT AND ENLARGE TIME TO ANSWER

On July 1, 2020, Plaintiff Waupaca Foundry, Inc. filed this action against Defendant Henkel U.S. Operations Corporation, alleging breach of contract, breach of express and implied warranties, and fraudulent misrepresentation related to the purchase and installation of a paint coating system. On January 11, 2021, Waupaca amended the complaint to add Deyco, Inc. as a defendant. Dkt. No. 20. Deyco was served with the complaint on January 20, 2021. When no answer or other responsive pleading was filed on or before February 10, 2021—21 days after January 20, 2021—Waupaca filed a motion for entry of default on March 2, 2021. The Clerk entered default later that day. On March 18, 2021, Deyco filed a motion for an extension of time to answer the amended complaint and to set aside the entry of default, along with a proposed answer. Waupaca does not oppose the motion.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause shown. Deyco asserts that, although it received a copy of the amended complaint from the sheriff on January 20, 2021, no summons was attached to the amended complaint, and

Deyco's President, Terry Young, was not advised that any response was required by a certain date. On March 2, 2021, Young sent a letter to Waupaca's counsel stating that Deyco should not be held liable for the damages asserted in the lawsuit. Waupaca's counsel advised that default had been entered by the Clerk. After learning of the default, Deyco retained counsel on March 12, 2021, and filed the instant motion to vacate the default and enlarge the time to respond to the amended complaint and proposed amended answer on March 18, 2021. Young asserts that, as a non-lawyer, he did not appreciate that he could be found in default or held liable for his failure to respond to the amended complaint. The Court finds that Deyco has established "good cause for the late submission of its answer and that it acted in a timely fashion to have the default . . . set aside." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009).

**IT IS THEREFORE ORDERED** that Deyco's motion to vacate the default and enlarge time to answer (Dkt. No. 31) is **GRANTED**. The Clerk is directed to detach and e-file Deyco's answer to the amended complaint (Dkt. No. 34-1).

Dated at Green Bay, Wisconsin this 13th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge